AO 91 (Rev. 12/93) Criminal Complaint

## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

Thomas J. Smith
Defendant

Criminal Complaint

CASE NUMBER: 08- **06 - M**

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about January 8, 2008 in the District of Delaware, Defendant Thomas J. Smith did knowingly:

1) possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,
in violation of Title 18 United States Code, Section(s) __922(g)(1) and 924(a)(2); and__
2) possess Cocaine Base,
in violation of Title 21 United States Code, Section(s) __844(a).__

I further state that I am a(n) Special Agent, ATF _____ and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
Patrick W. Fyock Special Agent, ATF

Sworn to before me and subscribed in my presence,

January 8, 2008                   at      Wilmington, DE
Date                                         City and State

Honorable Leonard P. Stark
United States Magistrate Judge                    _____
Name & Title of Judicial Officer                  Signature of Judicial Officer

## AFFIDAVIT OF PATRICK FYOCK

1. Your affiant is Patrick Fyock. Your affiant has been a Special Agent for over five and a half years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). During that time, my duties have included the investigation of federal and state firearms offenses. Prior to being hired by ATF, I was employed as a Police Officer for seven years with the Nationally Accredited New Castle County Police Department in Delaware. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions, including but not limited to the ATF Academy, New Castle County Police Academy, Firearms identification classes, Firearms Nomenclature classes, and Firearms identification classes at the Federal Law Enforcement Training Center. During the course of your affiant's law enforcement career, your affiant has participated in over 80 seizures of firearms and well over 120 investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses. Your affiant has also received training on drug investigations and drug trafficking characteristics during my time as a New Castle County Police Officer, including but not limited to a DEA 40 hour drug investigator class. Your affiant has participated in approximately 6-8 drug investigations resulting in drug seizures and convictions since joining ATF. You affiant has contact with DEA agents, state and local drug investigators on a regular basis and possesses a working knowledge of the drug trends for this area.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with Wilmington Police Officers.

3. The seizure of all of the below listed evidence occurred on 01/08/08, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant Thomas J. Smith from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has prior felony conviction for Possession With Intent to Distribute a Non-Narcotic Schedule I Controlled Substance in the Superior Court of the State of Delaware, a felony crime punishable by imprisonment for a term exceeding one year.

5. A Wilmington Police Officer with personal knowledge of the events stated to your affiant that he and his partner were on patrol in a high crime area, and were directed to this area as a response to recent criminal activity. The approximate time was 3:00 am. The officers were in uniform and driving fully marked Wilmington Police Vehicle. Shortly after 3:00 am officers observed the subject walking on the sidewalk with his hands in his pockets. Officers stated that trough training and experience they know this is a technique used to

hold onto concealed weapons and or illegal narcotics through clothing. The officers contacted this subject while sitting in the police vehicle. An officer asked the subject if he had identification and upon recieving a "no" answer an officer asked where the subject was going. The subject did not provide an address and stated he "was heading over to his girls house". As officers instructed the subject to place his hands on the fully marked police vehicle in an attempt to further investigate this subjects identification, the subject turned and began run. Officers activated the vehicle's emergency equipment and began to pursue the fleeing subject. Officers did not lose sight of the fleeing subject. The subject attempted to scale a chain link fence, but was unable to do so. A uniformed officer exited the vehicle and gave chase. While the subject was fleeing he was running with his right arm close to his body and grasping at an object in has waistband with his right hand. An officer observed a dark object fall out of the subjects right pant leg and onto the sidewalk. The subject then dropped to the ground on the sidewalk approximately 5 yards from the object and was taken into custody. A Glock model 19 9mm semi-automatic handgun serial number AUF820US, loaded with 12 Winchester 9mm rounds in the magazine was recovered from the location on the ground where the officer observed the dark object fall from the suspects pant leg.

6. While at police headquarters the subject stated he was in possession of crack cocaine. Inside the subject's front left pants pocket officers located a clear zip-lock bag containing 2 small pink zip-lock baggies. Both baggies contained an off white color rock like substance that was field tested by a Wilmington Police Officer and provided a positive result for cocaine. Due to the appearance of the substance, as well as the field test, the Wilmington Police Officer knew from his experience and training that the substance was crack cocaine. The total weight was approximately 1 gram.

7. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the Glock model 19 9mm semi-automatic handgun serial number AUF820US, loaded with 12 Winchester 9mm rounds in the magazine is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. 922(g)(1) and 924(a)(2), by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and (2) 21 U.S.C. 844(a), by Possessing a Controlled Substance, Cocaine Base, and respectfully requests that the Court issue a Criminal Complaint charging those offenses.

_____
Patrick Fyock
Special Agent, ATF

Sworn to and subscribed in my presence
this ___ day of January 2008

_____
Honorable Leonard P. Stark
United States Magistrate Judge
District of Delaware