℀ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ DELAWARE _____

UNITED STATES OF AMERICA

V.

**ORDER OF DETENTION PENDING TRIAL**

Thomas J. Smith
*Defendant*

Case Number:       08-06-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
                                                           .*

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.
    § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the   ☐ date of conviction   ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence that

Based on the affidavit of probable cause, the report of the Probation Office, and other information provided to the Court during the preliminary hearing and the detention hearing, the Court finds clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community between now and the time of the Defendant's trial. The Court further finds that no combination of conditions could reasonably assure that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

the nature and circumstances of the offense: the Defendant is accused of being a felon in possession of a firearm and of possessing cocaine base. At approximately 3 a.m. on January 8, 2008, in Wilmington, WPD officers approached Defendant. He ultimately attempted to flee on foot. As he did so, his movements were consistent with possession of a concealed firearm. After an officer observed something drop from Defendant's person, Defendant fell to the ground and was taken into custody. Nearby, officers found a Glock model 19 9mm semi-automatic handgun loaded with 12 rounds, which was not manufactured in Delaware and necessarily had traveled in interstate commerce. When questioned, Defendant admitted that he possessed crack cocaine, and 2 small zip-lock baggies containing a substance that field-tested positive for cocaine were found by officers in Defendant's pants pocket. Defendant has two prior felony convictions: 2004 possession with intent to deliver a non-narcotic schedule 1 controlled substance and 2001 conspiracy second degree.

the weight of the evidence: is very strong with respect to the cocaine possession offense, which Defendant admitted. The weight of the evidence is also strong with respect to the firearms charge, given the officers' observation of Defendant as he fled and apparently dropped something and especially given the recovery of the firearm in close proximity to where Defendant was apprehended in the middle of the night.

✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

the history and characteristics of the Defendant: the Defendant has two prior felony convictions, noted above. He also has at least two misdemeanor convictions relating to drugs and other misdemeanor convictions for resisting arrest and criminal contempt. He has at least four violations of probation and had four active capiases at the time of the instant arrest. None of this includes his extensive record of driving-related offenses, which includes six convictions for failing to reinstate his license or failing to possess insurance information; a 2007 arrest for driving while license was suspended or revoked and failing to have insurance identification in possession suggests a continual failure to comply with rules relating the privilege of driving. Defendant attempted to flee in connection with the instant arrest and admits he may have a drug problem. Countervailing factors are the support Defendant has from family, including his mother and brother, his generally positive history of employment, and his involvement in the lives of his five children.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: as a felon in possession of a firearm and drugs, with a history of failure to comply with rules of probation and other authorities, Defendant would pose a danger to the community if released.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
Date

_____
Signature of Judge

Leonard P. Stark U.S. Magistrate Judge
_____
Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).